UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-20576-UU

EDWARD POLANCO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Petitioner's *pro se* Motion to Vacate, brought pursuant to 28 U.S.C. § 2255. D.E. 1.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised of the premises.

This matter was referred to Magistrate Judge Patrick A. White, who, on February 24, 2016, issued a Report recommending that the Motion be dismissed as time-barred. D.E. 14. Petitioner was afforded fourteen days to file objections, and as of March 29, 2016, has failed to do so.

Upon *de novo* review of the Report, the Court agrees with Magistrate Judge White's outcome but partially disagrees with his findings. Petitioner, filing an initial rather than a successive petition, moved for relief under *Johnson v. United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held the "residual clause" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), unconstitutionally vague.[1] Notwithstanding Petitioner's conviction became final nine years ago, Petitioner argues that his motion to vacate is timely under 28 U.S.C. § 2255(f)(3) because he

---

[1] The portion of the residual clause of the ACCA held unconstitutional in *Johnson* defined a "violent felony" as a crime punishable by imprisonment for more than one year that . . . "*involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added).

1

commenced the action within one year from the decision in *Johnson*, and cites the Eleventh Circuit's decision *In re Rivero*, 797 F.3d 986, 988 (11th Cir. 2015) as support.[2]

The *In re Rivero* court held that *Johnson* announced a new substantive constitutional rule but that it did not apply retroactively to Rivero because he was seeking an application for a district court to consider a successive motion to vacate his federal sentence. *In Re Rivero*, 797 F.3d at 989, 991-92. Only the Supreme Court, the court held, can make a new rule of constitutional law retroactive to successive motions to vacate. *Id*. (citing 28 U.S.C. § 2255(h)(2)). And the Court in *Johnson*, the *In Rivero* court found, neither unequivocally held that the new rule would apply retroactively to collateral-review cases nor could "any combination of holdings 'necessarily dictate' that [the rule] should be applied retroactively." *Id*. 988-89. However, the court observed—albeit in dicta—that if Rivero were seeking a first collateral review of his sentence, the new rule in *Johnson* would apply retroactively. *Id*. at 991. This is because under 28 U.S.C. § 2255(f)(3), *any court* may make a determination whether a newly created right applies retroactively on a first collateral review. *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) *aff'd,* 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (citing 28 U.S.C. § 2255(f)(3) (analyzing whether a newly created right was available for a petitioner on initial collateral review, and holding "any court" may make the determination)).

The Report concluded that only the Supreme Court can retroactively apply a new rule of constitutional law within the meaning of 28 U.S.C. § 2255(f)(3), and since it did not do so in *Johnson*, Petitioner's motion, filed nine years after his conviction became final, was time-barred. As shown above, any court may decide whether a newly created right is retroactive to cases on initial

---

[2] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.] 28 U.S.C. § 2255(f)(3).

collateral review. The Court, however, need not make that determination in ruling on Petitioner's motion.

Petitioner's conviction was not based on the residual clause, 18 U.S.C. § 924(e)(2)(B), held unconstitutionally vague in *Johnson*. Rather, Petitioner pleaded guilty, in pertinent part, to count 5 of the indictment for possessing a firearm in furtherance of a "crime of violence" *and* a "drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A). (Case No. 1:05-cr-20457-UU, D.E. 67). A number of district courts have assessed whether the new rule in *Johnson* extends to a "crime of violence" under the similarly defined residual clause in § 924(c)(3)(B).[3] *E.g.*, *United States v. McDaniels*, No. 1:15-CR-171, 2015 WL 7455539, at *6 (E.D. Va. Nov. 23, 2015). However, Petitioner's conduct, as detailed in the Presentence Investigation Report, satisfies the elements of possession of a firearm in furtherance of a drug trafficking crime,[4] and the Supreme Court's ruling in *Johnson* bears no relation whatsoever to that clause. (PSI ¶¶ 6-15).

The Court otherwise agrees with the Report that Petitioner's motion is untimely under the remaining provisions of 28 U.S.C. § 2255(f)(1)-(2), (4).

Furthermore, failure to object in a timely fashion bars Petitioner from attacking on appeal the factual findings covered in the Report. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). Accordingly, it is

---

[3] Stating in pertinent part: [T]he term "crime of violence" means an offense that is a felony and—
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3)(B).

[4] For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46. 18 U.S.C. § 924(c)(2).

ORDERED AND ADJUDGED that the Report of the Magistrate Judge, D.E. 14, is RATIFIED, ADOPTED, and AFFIRMED, except that its affirmance is on the specific grounds stated herein. It is further

ORDERED AND ADJUDGED that the Motion, D.E. 1, is DENIED. It is further

ORDERED AN ADJUDGED that a certificate of appealability shall not issue. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED and all pending motions DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of April, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Jerry Daniel Ferguson, *pro se*